NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN A. PILGRIM, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 03-2089 |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| ROY L. HENDRICKS, et al., ) | |
| ) | |
| Defendants. ) | |

**LINARES**, **District Judge.**

This matter comes before the Court on Petitioner Steven A. Pilgrim's ("Pilgrim" or "Petitioner") Application for an Extension of Time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The appeal stems from the November 1, 2005 decision of this Court denying Petitioner's application for a writ of habeas corpus. This application is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Petitioner's application for an extension of time is GRANTED.

### BACKGROUND

On or about May 8, 2003, the Court received a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petition was filed on August 15, 2003 after Petitioner was granted in forma pauperis status. On March 31, 2004, the Attorney General for the State of New Jersey responded to the petition. By Opinion and Order dated October 26, 2005 and entered November 1, 2005 (hereinafter "November 1 Opinion and Order"), this Court denied the

application for a writ of habeas corpus and ordered that no certificate of appealability shall issue. This Opinion and Order was subsequently appealed by Plaintiff. (CM/ECF Docket Entry #17). The appeal was apparently filed late.

On December 6, 2005, Petitioner sent a letter to the Clerk of the District Court "to apologize for sending [his] appeal petition to the wrong address." (CM/ECF Docket Entry #17). This letter was postmarked December 10, 2005 and was received by the Clerk of the District Court on December 13, 2005 along with Petitioner's notice of appeal which was dated November 30, 2005. The letter states that Petitioner had previously mailed copies of such notice of appeal to this Court and to Assistant Essex County Prosecutor, Joan E. Love on December 1, 2005. Petitioner's letter apologized for the mistake and requested to "secure [his] time line to appeal." (CM/ECF Docket Entry #17). This Court has no record of having received any correspondence dated December 1, 2005. However, a notice of appeal dated November 30, 2005 was received by Assistant Essex County Prosecutor Joan E. Love, Esq. on December 7, 2005, a copy of which was provided to this Court.

In light of the requirement in Rule 4(a)(5) of the Federal Rules of Appellate Procedure that motions for extensions of time to file an appeal must be filed in the district court, see also Fed. R. App. P. 26(b), on May 6, 2006 the Honorable Joseph F. Weis, Jr., U.S.C.J. ordered that this Court consider Petitioner's letter as a motion under Federal Rule of Appellate Procedure 4(a)(5). (CM/ECF Docket Entry #20). Therefore, although not brought by motion in the District Court, this Court will construe Plaintiff's December 6, 2005 letter as an application for an extension of time to file.

The Court contacted Assistant Essex County Prosecutor Joan E. Love to inquire whether

the same would be opposing such application. The Court was informed that Defendants do not oppose Petitioner's application.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) provides, in relevant part:

> [T]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal "must be filed with the district clerk within 30 days of entry of the judgment or order appealed from is entered." See also Browder v. Dir., Illinois Dept. of Corr., 434 U.S. 257, 264 (1978) (per curiam). Furthermore, Federal Appellate Rule of Procedure 26(a)(2) indicates that, under these circumstances, in computing the filing date, Saturdays, Sundays, and legal holidays are not excluded from the computation. See Jones & Laughlin Steel Corp. v. Gridiron Steel Co., 382 U.S. 32 (1965). Compliance with the rule regarding the time limit for filing an appeal is "'mandatory and jurisdictional.'" Id. (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). However, when the petitioner is pro se and is a prisoner, the notice of appeal is considered filed at the time petitioner delivers it to prison authorities for forwarding to the district court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988).

In the present case, this Court's final decision was entered on November 1, 2005. Under Rule 4(a)(1)(A) and Rule 26(a)(2), Petitioner's time to appeal expired on December 1, 2005. He did not meet that deadline since Petitioner's notice of appeal was not filed with the District Clerk

until December 13, 2005. However, it does appear that Petitioner attempted to file a timely notice of appeal since the Essex County Prosecutor received such a notice on December 7, 2005 which Petitioner had dated November 30, 2005. Petitioner represents that a copy of same was mailed to this Court, but this Court has no record of having received the notice of appeal and the accompanying documents.[1] This Court will thus construe Petitioner's November 30, 2005 notice of appeal, which never reached this Court or the District Clerk, as an application for an extension of time to appeal. Since Petitioner is a pro se prisoner, such application was timely filed within the thirty days prescribed by Fed. R. App. P. 4(a)(5)(A)(i).[2] The Court must therefore make the remaining determination of whether Petitioner has demonstrated excusable neglect under Fed. R. App. Proc. 4(a)(5)(A)(ii).

The leading Third Circuit case regarding the filing of a late notice of appeal pursuant to Rule 4(a)(5) is Consol. Freightways Corp. v. Larson, 827 F.2d 916 (3d Cir. 1987), cert. denied sub nom. Consol. Freightways Corp. v. Sec'y of Transp. of Pa., 484 U.S. 1032 (1988). There, the Third Circuit formulated a two-part test for excusable neglect determinations. Under Larson, the movant must meet the threshold requirement of demonstrating a "substantial good faith effort to comply" with appellate procedure. Id. at 921. If such a showing is made, the Court must proceed to an evaluation of the facts according to the following five criteria:

(1) whether the inadvertence reflects professional incompetence such as ignorance

---

[1] Such notice of appeal and accompanying documents have been placed on the docket in this matter.

[2] Although the Court does not have access to the prison mail log to determine whether Petitioner turned the notice of appeal over to prison authorities on November 30, 2005, given Petitioner's pro se prisoner status, the Court will give Petitioner the benefit of the doubt and will consider same timely-filed.

of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3)whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Id. at 919.  In addition, the court enunciated that:

The rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where . . . the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

Id. at 920; see also Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990).

In light of this framework, the Court turns to the present situation.  Petitioner's notice of appeal is dated November 30, 2005, but was not filed with the District Clerk until December 13, 2005. Thus, the notice of appeal was twelve days late, since December 1, 2005 marked the thirtieth day to appeal. Petitioner's December 6, 2005 letter appears to indicate that Petitioner was aware of the thirty day limit, but was unaware that he had to forward the notice of appeal to the District *Clerk*, and not merely the District Court. (CM/ECF Docket Entry #17). Defendants do not oppose any extension.

Starting with the last of the five Larson criteria, the Court finds that Petitioner has demonstrated a "substantial good faith effort to comply" with appellate procedure.  His notice of appeal was dated the day before the filing deadline, and accordingly, it appears that he had drafted the notice with the intent to timely file the notice of appeal.  Further, Petitioner's notice was filed only thirteen days late and there is no evidence that Defendants were prejudiced by this delay.  See, e.g., Ryder v. Costello, 2000 U.S. Dist. LEXIS 7358 (E. D. Pa. May 31, 2000)

(permitting extension because filing of notice of appeal seven days late did not raise overall fairness concerns).  This also comports with the Third Circuit's finding that:

> [t]he interest in finality must be balanced against the need to allow justice to take its course, and not have it thwarted by some minute technical error. See Smith v. Jackson Tool & Die, Inc., 426 F.2d 5, 8 (5th Cir. 1970). The finality doctrine and the rules governing timeliness of appeals exist to promote fairness, and to promote prompt notice of appeal thereby avoiding the prejudicial effect of reopening litigation which the opposing party had assumed was closed. The length of the delay and the basis of the delay affect the overall fairness concern. Where as here the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality.

Larson, 827 F.2d at 920.

Since a "substantial good faith effort to comply" with appellate procedure has been demonstrated, the Court now turns to the remaining criteria enunciated in Larson.  Petitioner's inadvertent failure to timely file his notice of appeal with the District Clerk does not reflect ignorance of the rules of procedure because the facts show he must have been aware of the rules but still failed to get the notice timely filed.[3]  The asserted inadvertence does reflect an easily manufactured excuse, that the prison delayed mailing the documents, that is incapable of verification by the court.  Petitioner's tardiness does not result from his failure to provide for a readily foreseeable consequence, since he states that he did not know he was required to mail a copy of the notice of appeal to the District Clerk.  Lastly, although the inadvertence reflects a lack of diligence, it is de minimis.

Thus, weighing these factors, the fact that Petitioner is appearing pro se and is

---

[3] Petitioner's December 6, 2005 letter states that after sending his notice of appeal to this Court and to the Essex County Prosecutor, Petitioner realized that this had been a mistake. (CM/ECF Docket Entry #17).

incarcerated, and taking into consideration that these rules "exist to promote fairness" and "the judicial interest in deciding cases on the merits outweighs the interest in finality," <u>Larson</u>, 827 F.2d at 920, the Court concludes that Petitioner's application for an extension of time should be granted.

## **CONCLUSION**

For the foregoing reasons set forth above, it is on this 15th day of August, 2006,

**ORDERED** that the Petitioner's application for extension of time to file Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5) is hereby GRANTED; and it is further

**ORDERED** that the notice of appeal, filed on December 13, 2005, is approved <u>nunc pro tunc</u>.


DATED: August 15, 2006

      /s/ Jose L. Linares  
JOSE L. LINARES,  
UNITED STATES DISTRICT JUDGE


cc: File  
     Marcia M. Waldron, Clerk of U.S. Court of Appeals